**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION**

| | |
|---|---|
| ROHRER CORPORATION, ) | CASE NO. 1:10-CV-958 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| DANE ELECTRIC, ) | |
| ) | **ORDER** |
| Defendant. ) | Doc. No. 95 |

This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Before the Court is Plaintiff, Rohrer Corporation's ("Rohrer") "Rule 60(a) Motion to Correct Judgment Entry *Nunc Pro Tunc*" ("Motion to Correct").  (Doc. No. 95.)  Defendant, Dane Electric ("Dane") opposes.  (Doc. No. 102.)  For the reasons set forth below, Rohrer's Motion to Correct is DENIED.

**I.**

Rohrer sued Dane on four theories:  breach of settlement agreement, breach of contract, money due on an account, and unjust enrichment.  (2d Amend. Compl. 2-4, Doc. No. 34.)  On June 6, 2011, the parties proceeded to trial by jury on all four counts.  (Minute-Order 6/6/11, Doc. No. 87.)  On June 9, 2011, Rohrer's counsel explained to the jury in its closing argument that, if the jury found Rohrer had met its burden on its

breach of settlement claim, the jury did not have to consider Rohrer's other claims. On June 10, 2011, however, the Court instructed the jury that an award of damages for any of the counts were not cumulative. (*See* Minute-Order 6/10/11, Doc. No. 92; Jury Instructions 38, Doc. No. 96.) Rohrer was placed on notice of this jury instruction at the start of trial and never objected to the instruction.

On June 10, 2011, the jury found in Rohrer's favor on all four counts. (Verdict 6/10/11, Doc. No. 93.) The jury found Dane liable to Rohrer for breach of settlement agreement in the amount of $369,391.68; for breach of contract in the amount of $1.00; for money due on an account in the amount of $369,391.68; and for unjust enrichment in the amount of $91,967.88. (Verdict 6/10/11, Doc. No. 93.) The Court entered Judgment in favor of Rohrer and awarded Rohrer $369,391.68 in damages, together with prejudgment interest and attorney's fees. (Doc. No. 94.)

On June 12, 2011, Rohrer filed its Motion to Correct pursuant to Federal Rule of Civil Procedure 60(a). (Doc. No. 95.) Rohrer requests that the Court amend its Judgment to include an additional award of damages in the amount of $91,967.88, which is the amount for which the jury found Dane liable on Rohrer's claim for unjust enrichment. (Mot. Correct 2.)

On June 27, 2011, Dane filed its response in opposition to Rohrer's Motion to Correct. (Doc. No. 102.)

**II.**

Federal Rule of Civil Procedure 60(a) provides that a court may correct a clerical mistake or a mistake arising from oversight or omission whenever one is found in a judgment, order, or other part of the record. Fed. R. Civ. P. 60(a). The basic purpose

-2-

of the rule is to authorize the court to correct errors that are mechanical in nature that arise from oversight or omission.  *In re Walter*, 282 F.3d 434, 440 (6th Cir. 2002) (citing 11 C. Wright & A. Miller, Fed. Practice & Procedure § 2854, at 240 (2d ed.1995)). Clerical mistakes include those made by judges as well as ministerial employees.  *Id.* (citing *Blanton v. Anzalone*, 813 F.2d 1574, 1577 (9th Cir.1987)).  The rule does not, however, authorize the court to revisit its legal analysis or otherwise correct an error of substantive judgment.  *Id.* (citing *Olle v. Henry & Wright Corp.*, 910 F.2d 357, 364 (6th Cir. 1990)).

Here, the Court's award of $369,391.68 without an additional award of $91,967.88 was not a result of clerical oversight or omission.  Rohrer contends that the $91,967.88 in damages for the unjust enrichment claim is based on credits that Rohrer issued to Dane as part of the parties' settlement agreement.[1]  (*See* Mot. Correct 4.) Rohrer argues that it is entitled to an additional $91,967.88 for its unjust enrichment claim because "[t]he jury, by awarding Rohrer $91,967.88 on its claim for unjust enrichment, evidenced a clear intention to return to Rohrer the credit issued as part of the settlement agreement."  (Mot. Correct 4.)  The Court disagrees.  The jury was instructed that damages for each of Rohrer's claims were not cumulative, and Rohrer never objected to this instruction.  Juries are presumed to follow their instructions. *Zafiro v. United States*, 506 U.S. 534, 540 (1993); *Pang v. Minch*, 53 Ohio St. 3d 186,

---

[1] Rohrer argued in its closing argument, however, that its unjust enrichment claim is based upon the "reasonable value" of all the material delivered to and accepted by Dane. (*See also* 2d Amend. Compl. 21.)  If Rohrer was requesting damages for "credit" issued to Dane as part of the settlement agreement, it should have asked the jury for that amount to be included in its damages for breach of the settlement agreement.

195, 559 N.E.2d 1313, 1322 (Ohio 1990). There is no basis to conclude that the jury intended to award Rohrer damages for both its breach of settlement claim *and* its unjust enrichment claim when the jury was instructed that damages for each claim were not cumulative.

Furthermore, in Ohio a party cannot recover for unjust enrichment when an express contract covers the same subject. *Randolph v. New England Mut. Life Ins. Co.*, 526 F.2d 1383, 1387 (6th Cir. 1975); *ArcelorMittal Cleveland, Inc. v. Jewell Coke Co., L.P.*, 750 F. Supp. 2d 839, 849 (N.D. Ohio 2010) (Gwin, J.). At trial, a witness for Dane admitted that it entered into the settlement agreement with Rohrer. Rohrer gave Dane $91,967.88 in credit as part of Rohrer's performance of the agreement. (2d Amend. Compl. ¶ 9; Mot. Correct 4.) The jury found Dane liable for breach of the settlement agreement. Accordingly, Rohrer is entitled to the $369,391.68 in damages based on Dane's failure to perform its obligations under the agreement, not the $91,967.88 in credits. Accordingly, Rohrer's Motion to Correct is denied.

### III.  CONCLUSION

For the reasons set forth above, Plaintiff's Motion to Correct is DENIED.

**IT IS SO ORDERED**.

    s/ *Nancy A. Vecchiarelli*
    Nancy A. Vecchiarelli
    United States Magistrate Judge

Date: June 29, 2011