**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| ROHRER CORPORATION, ) | CASE NO. 1:10-CV-958 |
| ) | |
| Plaintiff, ) | |
| ) | MAGISTRATE JUDGE |
| v. ) | NANCY A. VECCHIARELLI |
| ) | |
| DANE ELECTRIC, ) | |
| ) | **MEMORANDUM OPINION AND** |
| Defendant. ) | **ORDER RE: FEES AND EXPENSES** |

This case is before the undersigned United States Magistrate Judge pursuant to the consent of the parties entered under the authority of 28 U.S.C. § 636(c) and Federal Rule of Civil Procedure 73.  Before the Court is the motion for attorney's fees ("Motion") of Plaintiff, Rohrer Corporation ("Rohrer"), requesting fees and expenses in the amount of $205,123.49 ($197,958.50 in fees and $7,164.99 in expenses) (Doc. No. 99), and Rohrer's "Supplemental Fee Application with Total Fees and Expenses Incurred Through July 6, 2012" (the "Supplemental Motion") requesting a total of $245,757.31 ($237,251.30 in fees and $8,506.01 in expenses) (Doc. No. 121).  Defendant, Dane Electric ("Dane"), opposes the amount of fees requested.  For the reasons set forth below, Rohrer's Motion for fees and expenses is GRANTED IN PART.  Rohrer is awarded $207,182.67 in fees and $8,506.01 in expenses, for a total of $215,688.68.

**I.**

Rohrer sued Dane on April 28, 2010, on three theories: breach of contract, money due on an account, and unjust enrichment. On October 12, 2010, it amended the complaint to add a claim for breach of settlement agreement. (2d Amend. Compl. 2-4, Doc. No. 34.) On June 6, 2011, the parties proceeded to trial by jury on all four counts. (Minute-Order 06/06/11, Doc. No. 87.) On June 10, 2011, the jury found in Rohrer's favor on all four counts. (Verdict 06/10/11, Doc. No. 93.) The jury found Dane liable to Rohrer: for breach of settlement agreement in the amount of $369,391.68, and further determined that Rohrer should be compensated by Dane for its reasonable attorney's fees on this claim; for breach of contract in the amount of $1.00; for money due on an account in the amount of $369,391.68; and for unjust enrichment in the amount of $91,967.88. (Verdict 06/10/11, Doc. No. 93.) The Court entered Judgment in favor of Rohrer and awarded Rohrer $369,391.68 in damages, together with prejudgment interest and attorney's fees. (Doc. No. 94.) The Court did not specify in its Judgment Entry the amount of prejudgment interest and attorney's fees.

On June 21, 2011, Plaintiff filed its motion for attorney's fees. (Doc. No. 99.) The Motion is a post-judgment motion. *See* Fed. R. Civ. P. 54(d)(2) *and* Rule 58(e). Before filing an opposition to the Motion, Dane filed a motion for a new trial (Doc. No. 107) and a notice of appeal to the Sixth Circuit (Doc. No. 108). The motion for new trial was denied. (Doc. No. 116.) The sole issue on appeal was whether Rohrer was entitled to attorney's fees under Ohio law for breach of a pre-litigation settlement agreement. (Doc. No. 118.) This Court stayed the issue of attorney's fees pending the

-2-

Sixth Circuit's ruling on the appeal. (Doc. No. 113.)

The Sixth Circuit affirmed the award of attorney's fees for the breach of the settlement agreement. The Court conducted a telephone conference with counsel to discuss scheduling. Counsel agreed that the matter should be decided on the papers submitted and that there was not need for further discovery or for a hearing on the issue of fees and expenses. Rohrer thereafter filed its Supplemental Motion for fees and expenses, to which Dane filed a Response (Doc. No. 122) and Rohrer filed a Reply (Doc. No. 123). This matter is now ripe for review.

**II.**

Rohrer seeks its fees and expenses based upon the jury's verdict for breach of the settlement agreement. It claims the fees are reasonable; that the amount of the fees increased because of the tactics of Dane; and Rohrer's payment of the fee invoices is *prima facie* evidence of reasonableness. It also claims that, to the extent work was done specifically on a claim to which Rohrer is not entitled to fees, it has already reduced its request to account for that amount. (Motion 4 n.2, Doc. No. 99.) Dane does not challenge the hourly rates, but does challenge the reasonableness of the fees on the following grounds:

- No fees should be awarded for work performed prior to the filing of the Second Amended Complaint which first alleged a breach of a settlement agreement.

- The fee request does not specifically delineate work performed on the breach of settlement agreement claim.

- Eight specific entries, and/or types of entries, are not reasonable.

Rohrer counters that fees incurred prior to the filing of the Second Amended

-3-

Complaint would have been incurred regardless of when the settlement agreement claim had been asserted.  Further, it argues that, but for the breach of that agreement, Rohrer would not have incurred any fees or costs.  Rohrer further argues that "the law does not require that a party make a treatise out of its narratives" (Reply 3, Doc. No. 123), that the appeal was based solely on the issues of fees, and that all of the claims at trial were interrelated.  Finally, Rohrer addresses the specific entries to which Dane objects.

Clearly, Rohrer is entitled to reimbursement for reasonable fees and expenses connected to the breach of the settlement agreement.  Once a court determines that a party is entitled to fees and costs as a prevailing party, the primary concern is whether the fee is reasonable.  See *Blum v Stenson*, 465 U.S. 886, 893-95 (1984); *Geier v. Sundquist*, 372 F.3d 784, 791 (6th Cir. 2004).  In determining a reasonable fee, the starting point is to determine the "lodestar," calculated by multiplying the number of hours reasonably expended by a reasonable hourly rate.  *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983); *Isabel v. Memphis,* 404 F.3d 404, 415 (6th Cir. 2004).  The party seeking attorney's fees bears the burden of proving the reasonableness of the hours and the rates claimed.  *See Hensley*, 461 U.S. at 433-34.  A prevailing party is not entitled to recover for "hours that are excessive, redundant, or otherwise unnecessary." *Id.* at 434.  Dane does not challenge the rates charged.  Accordingly, the only issue is the reasonableness of the hours billed.

Attorneys seeking fees must maintain time records that are sufficiently detailed to allow the court to determine the reasonableness of the hours expended with a high

degree of certainty that the hours were actually expended. *Imwalle v. Reliance Med. Prods., Inc.*, 515 F.3d 531, 553 (6th Cir. 2008).[1] There can be three different types of issues concerning excessive hours: (1) factual questions about whether the work was actually performed; (2) legal questions about whether the work performed was sufficiently related to the issues on which the plaintiff prevailed; and (3) mixed questions involving billing judgment and whether counsel spent too much time on particular tasks or unnecessarily duplicated the work of co-counsel. *Coulter v. State of Tenn.*, 805 F.2d 146, 150-51 (6th Cir. 1986). A trial court's determination that hours are excessive or

---

[1] The Sixth Circuit has noted:

> Courts in this circuit have reduced attorney fees on the basis of insufficient billing descriptions where the attorney did not "maintain contemporaneous records of his time or the nature of his work," *Keener v. Dep't of the Army*, 136 F.R.D. 140, 147 (M.D. Tenn. 1991), *aff'd on decision of the district court by Keener v. Dep't of the Army*, No. 91-5442, 1992 WL 34580, 1992 U.S. App. LEXIS 2822 (6th Cir. Feb. 24, 1992), and where billing records "lumped" together time entries under one total so that it was "impossible to determine the amount of time spent on each task." *Cleveland Area Bd. of Realtors [v. Euclid]*, 965 F. Supp. [1017,] at 1021 [(N.D. Ohio 1997)]. On the other hand, this court has upheld an award of attorney fees and found billing records to be adequate where entries made by counsel "were sufficient even if the description for each entry was not explicitly detailed," *McCombs v. Meijer, Inc.*, 395 F.3d 346, 360 (6th Cir. 2005), and where the attorney provided the court with computerized calendars and file information indicating the dates and times of work performed. *Sigley v. Kuhn*, Nos. 98-3977/99-3531, 2000 WL 145187, 2000 U.S.App. LEXIS 1465 at *20-21 (6th Cir. Jan. 31, 2000); *see also Anderson v. Wilson*, 357 F.Supp.2d 991, 999 (E.D.Ky.2005) (holding that the Plaintiffs had satisfied their burden to provide sufficiently detailed billing records where counsel provided the court with "itemized statements describing the subject matter, the attorney, the time allotment, and the charge for all work done on Plaintiffs' case").

*Imwalle*, 515 F.3d at 553.

duplicative is a finding of fact subject to a clearly erroneous standard of review. *Wayne v. Sebring*, 36 F.3d 517, 532 (6th Cir. 1994). Furthermore, where the trial court determines that hours are excessive or duplicative, it may make "a simple across-the-board reduction by a certain percentage." *Hudson v. Reno*, 130 F.3d 1193, 1209 (6th Cir. 1997) (approving an across-the-board reduction of 25% for duplication of effort),[2] *citing Coulter*, 805 F.2d at 152 (approving a 50% across the board reduction for certain items due to multiple representation, as the danger of duplication and wasted resources is difficult to measure); *see also Saint-Gobain Autover USA, Inc. v. Xinyi Glass N. Am., Inc.*, 707 F. Supp. 2d 737, 764-65 (N.D. Ohio 2010) (Lioi, J.) (finding that a 50% reduction in fees "is a fair and expeditious solution to determining the sum total of reasonable fees") (collecting cases).

Once a court has calculated the lodestar (*i.e.*, reasonable hours times a reasonable rate), the court may adjust the final fee award upwards or downwards.[3]

---

[2] *Hudson* was abrogated on other grounds by *Pollard v. E.I. du Pont Nemours & Co.*, 532 U.S. 843 (2001).

[3] In doing so, the court should consider the twelve factors identified in *Johnson v. Ga. Highway Express, Inc.*, 488 F.2d 714, 717-19 (5th Cir. 1974):

> (1) the time and labor required by a given case; (2) the novelty and difficulty of the questions presented; (3) the skill needed to perform the legal service properly; (4) the preclusion of employment by the attorney due to acceptance of the case; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) time limitations imposed by the client or the circumstances; (8) the amount involved and the results obtained; (9) the experience, reputation, and ability of the attorneys; (10) the "undesirability" of the case; (11) the nature and length of the professional relationship with the client; and (12) awards in similar cases.

*Johnson*, 488 F.2d at 717-19. In *Hensley*, the Supreme Court recognized the

Each case is fact specific and there is no precise formula for determining fees. *Hensley*, 461 U.S. at 436. There is a "strong presumption that the lodestar represents the reasonable fee." *Burlington v. Dague*, 505 U.S. 557, 562 (1992).

In this case, Dane does not question whether the work was performed, but does question whether it was related to the claim involving a breach of the settlement agreement, and further asserts that some time expended was excessive, unnecessary or questionable.

In deciding the issue of fees, the Court first makes several observations about Dane's conduct in this case and concludes that Dane bears substantial responsibility for increasing the cost of this litigation through both delays and unnecessary or untimely filings. Rohrer came to the CMC prepared to resolve the case and had communicated this to Dane prior to the CMC.[4] Nevertheless, Dane's counsel appeared at the CMC with a corporate representative who was largely unfamiliar with the issues in the case and no meaningful dialogue about the facts and circumstances of the case was accomplished at the CMC. Rohrer asked for an early settlement conference to be held before discovery occurred. Although Dane agreed to this at the CMC, it subsequently asked for a 60 day continuance of that conference to review and take discovery, and to prepare for the mediation. (Doc. No. 30.) Although the motion for a continuance of the

---

12 *Johnson* factors, but noted that these factors are usually subsumed within the calculation of reasonable hours at a reasonable rate. *Hensley*, 461 U.S. at 432.

[4] Rohrer objected to Dane's request to excuse parties from attending the CMC in person because it would "negate the prospect of having a meaningful dialogue about the issues and impede the likelihood of early resolution." (Response 1, Doc. No. 18.)

mediation represented that counsel for Rohrer was amenable to the continuance, the opposition to the motion for a continuance filed by Rohrer's counsel disputes that. (Doc. No. 31.) Dane defaulted on its answer to the Second Amended Complaint, which caused a need for additional briefing and motions. Dane elected to file a motion for summary judgment that, in the Court's opinion, addressed only one of the four counts and delayed the trial date by several months. This Court is convinced that unnecessary delays served to increase the cost of litigation.

Dane's first two arguments concerning reasonableness of fees are interrelated in the sense that Dane argues that Rohrer should be compensated only for work specifically directed to the breach of settlement agreement claim. In this regard, Dane argues that Rohrer should be compensated for no work prior to the date that claim was raised in a pleading, and that Rohrer's billing narrative should specifically identify work on that claim. Rohrer argues that it removed time that was totally unrelated to the breach of settlement claim; that all work regarding the breach of settlement agreement was intertwined with the other claims; that matters billed need not include a specific narrative isolating claims; and that, but for a breach of the settlement, Rohrer would have incurred no litigation costs. While Rohrer has the better of the two arguments, the Court does not agree completely with Rohrer's analysis. After reviewing the time sheets, the Court does agree most of the time involved in this case prior to filing the Second Amended Complaint related to the overall litigation in this case and involved factual development/analysis and legal procedural issues, regardless of the claims asserted. Most of the facts in this case are intertwined with the breach of settlement agreement claim and provide necessary background to understanding the settlement.

As the breach of the settlement agreement claim was closely intertwined with the other claims in the case, there was no need to create a narrative in billing specifying the claims being addressed.  That being said, the Court nevertheless recognizes that three other claims were involved in this case; Rohrer was not entitled to an award of fees on the three other claims; there was not 100% overlap with the scope of those claims and the breach of settlement claim; the dispositive motion dealt with a U.C.C. issue but Rohrer had to address all of the claims because Dane claimed its motion disposed of the other claims; and the scope of the trial work, evidence, and jury instructions was somewhat broader than it would have been if only a breach of settlement claim had been raised.  Accordingly, the Court concludes that an across-the-board reduction of fees in the amount of 15% for all work performed and documented in Rohrer's initial Motion (filed prior to Dane's notice of appeal) is appropriate.  As the sole issue on appeal involved the matter of attorney's fees and the breach of settlement, no reduction will be made for that time, which is included in Rohrer's Supplemental Motion.

Before making an across-the-board reduction in fees, the Court will address, and remove where appropriate, specific line items challenged by Dane.

- Dane's request to strike the $1,500.00 or more in time spent on Rohrer's motion to strike Dane's affirmative defenses will be denied, as these same defenses were raised in large part in Dane's answer to the Second Amended Complaint and Dane ultimately clarified its defenses in the litigation.

- Dane's request to strike or reduce time relating to the CMC is denied, as this was reasonable and consistent with the Court's view that a robust discussion of the facts and issues should occur at the CMC. Such a dialogue was truncated by Dane's lack of full and meaningful participation in that CMC.

- It was reasonable for Jeffery T. Heinz, as general counsel to Rohrer, to

-9-

> participate in the litigation strategy and maintain final approval over the case. Dane claims $9,837.00 in fees are attributable to Mr. Heinz. The Court finds this time to be reasonable under the circumstances.

- Dane's contention that over $700.00 in time for "reviewing correspondence from opposing counsel" is unreasonable is not well taken. Rohrer's explanation of this time and its connection to the issue of settlement sufficiently justifies it.

- Dane's challenge to $441.00 in time attributed to "MPO" has merit. Although Rohrer explains this was for time expended by an attorney to read a deposition in court, this is not work that requires the skill of an attorney and could have been accomplished by any individual. Accordingly, this time will be deleted from the Court's award. Other time attributed to the assistance of a paralegal is reasonable.

- Dane's complaint that fees should be reduced because Attorneys Keller and Craig worked together on projects or reviewed each other's work is not well taken. It is not unreasonable in a case involving these issues and these clients to have two lawyers substantially involved in the matter; nor is it unreasonable for them to coordinate and review each other's work in general. Dane has not further identified specific areas of unnecessary duplication for this Court to consider. All of this time appears reasonable to the Court and will be compensated.

- Dane's allegation that Rohrer incurred over 24 hours in attorney time totaling more than $5,800.00 working on a Reply Brief on June 7, 2011, is not well taken. The billing entries do not support Dane's claim. The entries do show more than $5,800.00 in work, but the work included much more than preparing a Reply and included trial preparation and attendance, among other things. This time will not be reduced.

Dane does not challenge the expenses. The expenses seem reasonable and will not be reduced.

## CONCLUSION

For the foregoing reasons, Rohrer's request for fees set forth in its initial Motion, that is, $197,958.50, will first be reduce by $441.00 for attorney time expended in the reading of the deposition at trial. The remaining $197,517.50 will be reduced by 15%, for a subtotal of $167,889.87. The additional time expended and documented in the

Supplemental Motion in the amount of $39,292.80 will not be reduced.  The expenses will not be reduced.  Accordingly, Rohrer is awarded $207,182.67 in fees and $8,506.01 in expenses, for a total of $215,688.68.

**IT IS SO ORDERED**.

s/ *Nancy A. Vecchiarelli*
Nancy A. Vecchiarelli
United States Magistrate Judge

Date: August 23, 2012